NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY TROMPETER,<br><br>Plaintiff,<br><br>v.<br><br>HILTON PARSIPPANY, HILTON HOTELS AND RESORTS, BARCELO CRESTLINE CORPORATION, JOHN DOE 1-5, MARY DOE 1-5 and/or DOE CORPORATION 1-5<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 11-cv-04892 (DMC)(JBC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter having come before the Court upon motion by Defendants Hilton Parsippany, Hilton Worldwide, improperly pleaded as Hilton Hotels & Resorts (collectively "Hilton" or "Defendants") and Crestline Hotel & Resorts, Inc., improperly pleaded at Barcelo Crestline Corp. ("Crestline") for summary judgment pursuant to FED. R. CIV. P. 56.[1] (Defs.' Mot. for Summ. Judg., Jan. 14, 2013, ECF No. 17-2). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motion for Summary Judgment is **granted.**

---

[1] This motion was filed jointly by Hilton Parsippany, Hilton Worldwide, improperly pleaded as Hilton Hotels & Resorts and Crestline Hotel & Resorts, Inc., improperly pleaded at Barcelo Crestline Corporation. However, Defendant Crestline was previously dismissed in a stipulation filed August 22, 2012. (ECF No. 12).

1

I. **BACKGROUND**[2]

This action arises from a claim asserted by Plaintiff, Barry Trompeter ("Plaintiff" or "Trompeter") arising from a slip and fall incident. On December 10, 2009, Plaintiff entered Defendants' premises, the Parsippany Hilton Hotel (the "Hotel"), located at One Hilton Court, Parsippany, New Jersey. Plaintiff was not a guest of the Hotel. Plaintiff contends that he entered to inquire about staying at Defendants' Hotel at a future date. (Pl.'s Written Statement, ECF. No 17-4). During deposition taking in connection with this matter, Plaintiff acknowledged that his purpose for visiting on the date in question had been to use the men's restroom. (Pl.'s Deposition ("Pl.'s Dep."), Exh. D 30:5-12, ECF No. 17-7).

During deposition, Plaintiff stated that he asked the front desk staff of the premises whether he would be permitted to use the restroom despite not being a guest, and that the staff member informed Plaintiff of the bathroom's location near the main entrance/lobby area. (Pl.'s Dep. 30:5-12, 31:1-14). Plaintiff acknowledged that he did not see any cleaning staff when he crossed the lobby and entered the nearby men's restroom. (Pl.'s Dep. 32:6-10, 39: 4-7, 32:13-17). Plaintiff stated that he exited the restroom about five minutes later, and observed cleaning personnel to the right of the restroom as he exited. (Pl.'s Dep. 40: 8-13). After sitting down for a short period of time to look up driving directions, Plaintiff ascended a few carpeted stairs to the tile floor, where he slipped and fell on his right side. (Pl.'s Dep. 40: 8-13).

Plaintiff alleges that he slipped because the floor was wet, as the cleaning people were washing and waxing the floor. However, Plaintiff admits that he is not certain about what caused his fall, but that he had "guessed" the floor was wet. (See Pl.'s Dep. 40:7-17, 23, 41:7-17).

---

[2] The facts contained herein are taken from the parties respective pleadings.

Plaintiff fell backwards, landing on his right side on the tile, sustaining a bruise to his right knee. (Pl.'s Dep. 41:180-25, 42:1-4, 44:12-20). Plaintiff testified he did not see anything on his shoes, such as water or wax, after the fall. (Pl.'s Dep. 42:9-12, 42:13-15).

Two female hotel employees, Nona Angelini and Amy Hablem, witnessed Plaintiff's fall, and asked him whether he required medical attention and wanted to fill out an incident report. Plaintiff declined in favor of departing for an appointment. (See Pl.'s Dep. 42:15-23, 44:5-16, 45:23-25). Plaintiff stated he called the hotel later that day, or the day after, to report the incident and spoke to a male manager whose name he is unable to recall. (Pl.'s Dep. 47:22-25, 48:1-25, 49:1-2, 50:7-10). Medical attention was not sought by Plaintiff until a week after the incident. (Pl.'s Dep. 50:11-15).

## II. LEGAL STANDARD

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Celotex Corp., 477 U.S. at 330. "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. FED. R. CIV. P. 56(e); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## III. DISCUSSION

Defendants move for summary judgment on Plaintiffs' sole claim of negligence, arguing no evidence exists to support liability as there were no injuries reported or any contributing factors observed relating to the floor following the subject incident. (Defs.' Br. 7). Plaintiff argues that his deposition testimony raises, at a minimum, a disputed issue of material fact as to the cause of Plaintiff's fall. (Pl.'s Br. 10).

To establish a cause of action of negligence, a plaintiff must show: (1) a duty of care owed by defendant to plaintiff; (2) a breach of duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach." Endre v. Arnold, 300 N.J. Super. 136, 142 (App. Div. 1954); see Weinberg v. Dinger, 106 N.J. 469, 483 (1987). It is established that "negligence must be proved and will never be presumed [....] [t]hat indeed there is presumption against it, and that the burden of proving negligence is on the plaintiff." Buckelew v. Grossbard, 87 N.J. 512, 525 (1981) (citing Hansen v. Eagle-Picher Lead Co., 8 N.J. 133, 139 (1951)).

This Court disagrees with Plaintiff's contention that his deposition testimony has created a disputed issue of material fact so as to stave off a motion for summary judgment. Plaintiff makes the assumption that the cause of his fall was due to an alleged wet floor simply because he observed service employees working in a different area from the fall. Plaintiff acknowledged during his deposition that the workers were "to the side" of the tiled area where he slipped and only that "they may have been – you know, they were going to wax the floor where I was or maybe they already did wax the floor where I was." (Pl.'s Dep. 40: 13-17). When asked whether the floor was wet, Plaintiff responded "I'm guessing" and asserted he "wouldn't have fallen [ . . .] on the carpet." (Pl.'s Dep. 41:7-9, 40:24 – 41:1). Shortly thereafter, Plaintiff acknowledged that he did not remember how he fell. (Pl.'s Dep. 41:14-17). When asked whether he saw anything on his

4

shoes to indicate the floor was wet or waxed, Plaintiff responded "no." (Pl.'s Dep. 9-12). Plaintiff did not take photographs of the area where he fell nor has he seen any photographs taken by any other individual. (Pl.'s Dep. 50:1-6).

Based on the foregoing, this Court finds that no disputed issue of material fact exists. Summary judgment should not be denied where "permit[ting] contradictory alterations could risk the defeat of summary judgment in a large swath of cases for which a Rule 56 disposition otherwise would be appropriate." EBC, Inc. v. Clark Bldg. Sys., 618 F.3d 253, 268 (3d. Cir. 2010). The deposition testimony of Plaintiff demonstrates Plaintiff's own uncertainty with regard to how the fall occurred. Without being able to allege that the fall occurred based on the Defendant's breach, Plaintiff may not attempt to hold Defendants liable and summary judgment in their favor is appropriate.

## IV. CONCLUSION

For the reasons stated herein, it is the finding of this Court that Defendants' Motion for Summary Judgment is **granted**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: September 27, 2013
Original: Clerk's Office
cc: Hon. James B. Clark, U.S.M.J.
All Counsel of Record
File